# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2011

No. 10-50430
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE DE PAZ-FLORES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1570-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose De Paz-Flores appeals his within-Guidelines sentence of 70 months' imprisonment, the lowest in his advisory sentencing range, imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a). De Paz contends his sentence is greater than necessary to meet 18 U.S.C. § 3553(a)'s sentencing goals, rendering it substantively unreasonable, because: (1) his criminal history was taken into account twice in determining his sentencing range; (2) his offense was nonviolent, akin to trespass; (3) his highest

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50430

previous sentence, 37 months, was received on a drug-trafficking conviction; (4) a condition caused by a car accident renders his incarceration comparatively difficult; (5) he has a wife and infant in Mexico; and (6) his motive for reentry was to work to assist his family.

As De Paz concedes, he did *not* object in district court to the reasonableness of his sentence. Therefore, this issue is reviewed only for plain error. *E.g.*, *United States v. Anderson*, 559 F.3d 348, 358 (5th Cir.), *cert. denied*, 129 S. Ct. 2814 (2009). Also conceding our court requires an objection to the reasonableness of the sentence to be made in district court, De Paz urges that should not be required and raises that issue to preserve it for possible future review.

Plain error is a forfeited error that is clear or obvious and affects defendant's substantial rights. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). If defendant establishes such error, our court has discretion to correct it and, generally, will do so "only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings". *Id.* (internal quotation marks and citation omitted).

In selecting the sentence, the district court considered the Guidelines, the § 3553(a) factors, the facts contained in the presentence investigation report, and De Paz' allocution. De Paz has neither rebutted the presumption that his within-Guidelines sentence was reasonable, *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), nor demonstrated any error, plain or otherwise. *See Mondragon-Santiago*, 564 F.3d at 361.

AFFIRMED.